1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| CALIFORNIA CASUALTY INDEMNITY EXCHANGE, | ) ) ) | Case No. 5:13-cv-05838-PSG |
| Plaintiff, | ) ) | **ORDER GRANTING-IN-PART DEFENDANTS' MOTION** |
| v. | ) ) | **(Re: Docket No. 4)** |
| RAYISA DANYLOVA, et al., | ) ) | |
| Defendants. | ) ) ) | |

Before the court is Defendants Rayisa Danylova, Mykhaylo Danylova, and the Law Office of Boris E. Efron's motion to dismiss this interpleader action for want of diversity pursuant to Fed. R. Civ. P. 12(b)(1).[1]  Defendants want the case dismissed with prejudice and also seek sanctions.  Plaintiff California Casualty Indemnity Exchange opposes.  The court elected to take this matter under submission on the papers pursuant to Civil L.R. 7-1(b).[2]  Having considered the arguments, the court GRANTS Defendants' motion, but only IN PART.

---

[1] *See* Docket No. 4.

[2] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

Case No. 5:13-cv-05838-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION

# I. LEGAL STANDARDS

**A.**     **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 35 U.S.C. § 1335**

The subject-matter jurisdiction of the federal courts is limited.[3]  This court has jurisdiction over interpleader actions where: (1) the amount in controversy exceeds $500 and (2) two or more adverse claimants are diverse.[4]

For the purposes of Defendants' Rule 12 motion, the court accepts all material allegations in the complaint as true and construes them in the light most favorable to California Casualty.[5] The court's review is "limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice."[6]  The court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[7]

Dismissal with prejudice and without leave to amend is not appropriate unless it is clear "that the complaint could not be saved by amendment."[8]

**B.**     **Fed. R. Civ. P. 11**

Rule 11 provides the court with authority to assess sanctions.  The court's authority extends to pleadings filed for an improper purpose, the making of frivolous arguments, or allegations

---

[3] *See* Fed. R. Civ. P. 12(b)(1) (providing a Rule 12 defense for "lack of subject-matter jurisdiction").

[4] *See Methven & AssociatesProfessional Corp. v. Paradies-Stroud*, Case No. 3:13-cv-01079-JSW, 2014 WL 231654, at *1 (N.D. Cal. Jan. 21, 2014) (holding that in "order bring a statutory interpleader action, the plaintiff must establish that there are two or more adverse claimants, of diverse citizenship who "are claiming or may claim to be entitled" to such money or property) (citing 28 U.S.C. § 1335(a)(1)).

[5] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) ("The court 'accept[s] the plaintiffs' allegations as true and construe[s] them in the light most favorable to plaintiffs.'" (*quoting Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002))).

[6] *Id.*

[7] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (noting that the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable" inferences); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561(2007) (holding "a wholly conclusory statement" of a claim will not survive a motion to dismiss).

[8] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Case No. 5:13-cv-05838-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION

tendered without record support.[9]  Sanctions "shall be assessed if the paper filed in the district court and signed by an attorney or unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith."[10]

## II. DISCUSSION

### A.     Because No Defendants Are Diverse, This Court Lacks Jurisdiction

Statutory interpleader requires at least two adverse claimants be diverse.  Here, the complaint alleges that the defendants are diverse because Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, is located in Washington, D.C. and all other defendants are residents of California.[11]   A claim alleged against a United States officer acting in her official capacity, however, is correctly treated as a claim against the United States itself.[12]  "The United States, for the purposes of interpleader statute, is not a citizen of any state."[13]  This court thus does not have jurisdiction to hear the case.

---

[9] *See United States v. W.R. Grace*, 526 F.3d 499, 523 (9th Cir. 2008) ("Under Federal Rule of Civil Procedure 11, attorneys must sign the filings they submit to the district court, and, upon filing, the attorneys certify that the papers are not being filed for an improper purpose, such as to harass or cause delay; that legal contentions are supported by existing law or by nonfrivolous arguments to alter existing law; that factual contentions have or are likely to have evidentiary support; and that denials of factual contentions are warranted on the evidence, belief, or lack of information." (citing Fed. R. Civ. P. 11(a), (b))); Fed. R. Civ. P. 11 (c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.").

[10] *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir. 1987) (*quoting Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir. 1986)).

[11] *See* Docket No. 1 at 2.

[12] *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382 (9th Cir. 1988) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55, (An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.")).

[13] *Kent v. N. California Reg'l Office of Am. Friends Serv. Comm.*, 497 F.2d 1325, 1327 (9th Cir. 1974) (citations omitted).

Case No. 5:13-cv-05838-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION

**B.      Defendants' Request for Sanctions**

Defendants argue that California Casualty had no objectively reasonable basis to bring this suit.[14] Even if California Casualty misread the law, that alone does not mean it did not make a reasonable and competent inquiry before filing suit.[15] On the record before it, the court cannot say the complaint is frivolous, legally unreasonable, or without factual foundation. Sanctions are not warranted.

Because the court is not yet persuaded that amendment would be futile, California Casualty is granted leave to amend. Any amended pleading must be filed within 14 days.

**IT IS SO ORDERED.**

Dated: March 17, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[14] *See* Docket No. 4 at 3.

[15] *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (noting that the word "frivolous" is a shorthand "used to denote a filing that is both baseless and made without a reasonable and competent inquiry").

4

Case No. 5:13-cv-05838-PSG
ORDER GRANTING-IN-PART DEFENDANTS' MOTION

United States District Court
For the Northern District of California